FILED'08 AUG 01 11:22 USDC-OR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TURNER CONSTRUCTION CO., a foreign
corporation,

                     Plaintiff,

      v.

DORN-PLATZ PROPERTIES, INC., a
foreign business corporation, and DPP
BEAVERTON COMMERCIAL
INVESTMENTS LLC, a foreign limited
liability company,

                     Defendants.

CV. 08-610-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

*Findings and Recommendation*

      Presently before the court are the motions filed by plaintiff Turner Construction Co.,

("Turner") for remand to state court and, in the alternative, to dismiss counterclaim for negligent

misrepresentation pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Turner's

motion for remand should be granted and its motion to dismiss should be denied as moot.

*Background*

Defendant DPP Beaverton Commercial Investments LLC, ("DPP") is the owner of real property located in Beaverton, Oregon (the "Property"). Defendant Dorn-Platz Properties, Inc., ("Dorn-Platz") acted as the agent of DPP and managed the Property. DPP is a Delaware corporation with its principal place of business in California, and Dorn-Platz is a California corporation with its principal place of business in that state. Turner is a New York corporation with its principal place of business in Texas.

From late 2005 through January 2007, Turner performed preconstruction services at the Property. When Turner was not paid for the services, it filed a complaint in state court against Dorn-Platz asserting claims for breach of contract, quantum meruit, and account stated, and served Dorn-Platz with the complaint on May 8, 2007. The state court set a trial date of May 27, 2008.

In March 2008, Turner moved to amend the complaint to add a claim of unjust enrichment and DPP as a defendant. The state court granted the motion and Turner served DPP with the amended complaint on May 15, 2008. DPP, with Dorn-Platz's consent, removed the action to this court five days later on the grounds that this court has diversity jurisdiction over the lawsuit. Plaintiff now moves to remand the case back to state court asserting that DPP's removal was untimely, and it asks this court to expedite consideration of motion.

*Legal Standard*

Removal is governed by 28 U.S.C. §1446 which states:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding

is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, or order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The removal statute is strictly construed and any doubt about the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The presumption against removal jurisdiction means "the defendant always has the burden of establishing that removal is proper." *Id.*

28 U.S.C. § 1447(c) provides:

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

In addressing a motion to remand, the court looks to whether the case was properly removed to federal court in the first instance. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1426 (9th Cir. 1984).

*Discussion*

1. Motion for Remand

The parties agree that diversity jurisdiction existed at the time Turner filed the original complaint in May 2007 and that the case could have been removed at that time, and that Dorn-Platz did not remove the action to this court. Turner encourages the court to adopt the first-served defendant rule which would make untimely DPP's removal of the action nearly one year after Turner served Dorn-Platz with the original complaint. DPP and Dorn-Platz (collectively "Defendants") do

not directly address this issue but instead argue primarily that the May 2008 amendments to the initial complaint substantially changed the nature of the litigation by adding a new party, raising new issues of DPP's direct liability, and prompting a five million dollar counterclaim. Defendants claim that the amended complaint provides a new basis for removal and initiates a new 30-day removal period.

Section 1446(b) specifically provides that a new thirty-day removal period applies to a defendant who receives an amended pleading "from which it may be first ascertained that the case is one which is or has become removable." However, the application of the clause is limited to cases that were not removable at the time the initial pleading was filed. Here, Defendants concede that this action was removable on the grounds of diversity jurisdiction at the time it was filed in May 2007. Because the initial complaint made clear that the case could have been removed, Defendants may not rely on this provision to support its argument that their removal of the case to this court is proper.

The court is aware of only one other exception to the thirty-day removal period, that removal may be based on the filing of an amended complaint that it so fundamentally alters the case as to effectively create a new lawsuit, thus triggering a new thirty-day removal period. In *Triad Mechanical, Inc. v. Coatings Unlimited, Inc.*, CV No. 07-516-HU, 2007 WL 2713842, at *7 (D. Or. Sept. 12, 2007), Judge Hubel recognized this exception to the first-served defendant rule. In *Triad*, Judge Hubel allowed a new thirty-day removal period to start from the date the amended complaint was filed. However, to reach the applicability of this exception to this case, the court must first determine whether it will adopt the first-served defendant rule.

Under the first-served defendant rule, the thirty-day removal period for all defendants commences on the date the first defendant is served with a complaint that is removable. As a result,

any defendants that are served more than thirty days after the first defendant are deprived of the opportunity to remove the action to federal court even if federal jurisdiction exists. Generally, the courts that have adopted the first-served defendant rule justify their decision on three grounds: 1) the requirement that all defendants join in the removal petition (referred to as the "unanimity rule"); 2) the desire to resolve the issue of forum selection as quickly as possible; and 3) the presumption against removal jurisdiction and strict construction of the removal statutes. *Triad*, 2007 WL 2713842 at *7 (citing *McAnally Enterprises, Inc. v. McAnally*, 107 F. Supp.2d 1223, 1227 (C.D. Cal. 2000)).

As noted by other judges in this district, the Ninth Circuit has yet to adopt or reject the first-served defendant rule and the judges within this district have split on the issue. *Compare Triad*, 2007 WL 2713842 at *6 (adopting first-served defendant rule), *with United Traffic Consultants, Inc. v. Premium Logistics, Inc.*, CV No. 01-1324-JE, 2001 WL 34039477, at *3 (D. Or. Nov. 16, 2001)(adopting last-served defendant rule). This court finds the reasoning of the court in *McAnally* persuasive and adopts the first-served defendant rule, acknowledging that exceptions to the rule will be appropriate under certain circumstances, such as an amendment that effectively creates a new lawsuit, which Judge Hubel recognized in *Triad*, or where the plaintiff has clearly manipulated the order of service in an attempt to avoid removal to federal court, or where the plaintiff has joined as a defendant a resident party against whom no cause of action can be stated. *See United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762-3 (9th Cir. 2002)(Ninth Circuit declined to address first-served defendant rule when the first-served defendant was fraudulently joined.).

Applying the first-served defendant rule to this action, the thirty-day removal period started when Turner served Dorn-Platz with the original complaint on May 8, 2007, and expired on June

7, 2007, when Dorn-Platz failed to file a notice of removal. Accordingly, Defendants' removal of the action to this court on May 20, 2008, was untimely. Turner's motion to remand must be granted unless Defendants are able to convince the court that they qualify for an exception to the first-served defendant rule.

The parties agree that fraudulent joinder is not an issue in this case. Thus, Defendants must demonstrate that the May 2008 amendment effectively created a new lawsuit which, in turn, created a basis for removal. In *Triad*, Judge Hubel reasoned that a garnishment claim added to a state court complaint which originally alleged breach of contract and negligence claims made the underlying action removable despite the fact that the first defendant had been served with the state court action nearly a year before the notice of removal was filed. *Triad*, 2007 WL 2713842 at *6. While acknowledging that he had adopted the first-served defendant rule, which would have prohibited the removal of the action, Judge Hubel reasoned that the garnishment claim "so fundamentally alter[ed]" the allegations contained in the previous complaint that it virtually created a new law suit, thus allowing the defendants the opportunity to remove the action to federal court. *Id*. at *7. Judge Hubel relied on the reasoning set forth in *McAnally* and explained that the rule of unanimity does not apply where an amendment substantially changes the allegations of a complaint. Normally, when a defendant elects not to remove an action, it waives the right to consent to the removal of the action by a later-served defendant. However, when an amendment to a complaint changes the very nature of the law suit, defendants should have the opportunity to reconsider their decision not remove in light of the new allegations. Accordingly, Judge Hubel recognized an exception to the waiver rule and held that the thirty-day time period for removal can be extended when "a later-served defendant is served with an amended pleading which 'so change[s] the character of the litigation as to make

it substantially a new suit begun that day.'" *Triad*, 2007 WL 2713842 at *7, citing *Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886).

Here, Defendants argue that Turner's May 15, 2008, amended complaint fundamentally altered the lawsuit and created a new basis for removal. Defendants base this argument on the fact that Turner added a claim for unjust enrichment, added DPP as a new defendant against whom new issues of direct liability arose for the first time in the lawsuit, and that DPP's five-million-dollar counterclaim creates new substantive issues relating to Turner's alleged wrongful conduct. First, Turner's new claim for unjust enrichment is virtually identical to its original claim for quantum meruit. Under Oregon law, the elements of both claims are established by *Jaqua v. Nike, Inc.*, 125 Or. App. 294, 298 (1993), and are "benefit conferred, awareness by the recipient that a benefit has been received and, under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it." *Summer Oaks Ltd. Partnership v. McGinley*, 183 Or. App. 645, 653-4 (2002)(unjust enrichment); *Safeport, Inc. v. Equipment Roundup & Mfg., Inc.*, 184 Or. App. 690, 706 (2002)(quantum meruit). Therefore, the addition of the unjust enrichment claim did not substantially change the underlying complaint.

Second, the addition of DPP as a defendant, who was the principal of Dorn-Platz and represented by the same counsel, did not fundamentally alter the underlying action. The Ninth Circuit has held that the addition of a new defendant who had knowledge of the lawsuit at the time it was originally filed and participated to some degree in the litigation, did not justify restarting the thirty-day removal period. *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1255 (9th Cir. 1989). Similarly, two California districts have held that the addition of a related defendant who was represented by the same counsel as the first-served defendant did not substantially alter the law suit

or trigger the restarting of the thirty-day removal period. *Samura v. Kaiser Foundation Health Plan, Inc.*, 715 F. Supp. 970 (N.D. Cal. 1989); *Transport Indemnity Co. v. Financial Trust Co.*, 339 F. Supp. 405 (C.D. Cal. 1972).

Third, Defendants' five-million-dollar counterclaim, which they filed after removing the action to this court, does not weigh in this court's decision. The existence of federal jurisdiction for the purposes of removal is to be determined from the face of the complaint – federal defenses or other pleadings filed by the defendant are not relevant. *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S 1, 10-11 (1983).

Turner's amended complaint stated an alternate claim based on the same underlying facts arising from the same alleged acts and omissions pertaining to the Property, and named, as an additional defendant, an entity that was related to the existing defendant and represented by the same counsel. These amendments do not fundamentally alter the allegations of the initial complaint and do not justify the application of the exception to the first-served defendant rule.

Defendants assert that Turner manipulated the filing of the amended complaint to force DPP to face a quick trial and avoid the filing of a counterclaim, but this assertion, even if true, does not justify this court retaining jurisdiction over this case. It is true that Turner had knowledge that DPP was the owner of the Property at the time it filed the initial complaint based on the terms of the contract and, arguably, was dilatory in not adding DPP as a defendant until May 15, 2008, two weeks before the scheduled trial date. However, Defendants were also well aware that DPP owned the property, that DPP was a proper party to the lawsuit, and that DPP could be added to the lawsuit at the time it was filed. Additionally, DPP has presented no evidence that the state court would not have reset the trial date under these circumstances. In any case, a motion for continuance, not a

notice of removal, would have been the proper method of addressing this particular concern.

This court adopts the first-served defendant rule which makes Defendants' removal of the underlying action untimely. Defendants do not qualify for the exceptions to the rule. Turner's motion to remand should be granted.

## 2.  Attorney Fees

Turner seeks an award of attorney fees incurred in bringing the motion to remand. Under 28 U.S.C. §1447(c), the court has discretion to award costs and expenses, including attorney fees, incurred as a result of the removal of an action. The court should consider the nature of both the removal and the remand in deciding whether to award fees. *Pucci v. Rent-A-Center, Inc.*, CV No. 01-1347-ST, 2002 WL 31495826, *1 (D. Or. May 3, 2002). A finding of bad faith on the part of the removing party is no longer required to support an award of attorneys fees and costs. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992).

Turner asserts that it is entitled to attorney fees because Dorn-Platz could have removed this action immediately and DPP filed its notice of removal two weeks before the trial was scheduled to start in state court. Dorn-Platz had the right to decide whether or not it wanted to remove this action to federal court and should not be penalized for exercising this right. The reason DPP filed its notice of removal on the "eve" of trial was because Turner did not amend its complaint to add DPP until the "eve" of trial. In the absence of direction from the Ninth Circuit and in light of the split in this district on the first-served defendant rule, Defendants had a colorable argument for filing its notice of removal. Turner's request for attorney fees should be denied.

### *Conclusion*

Turner's motion (#10) to remand should be GRANTED and his alternative motion to dismiss

should be DENIED as moot.  Turner's request for attorney fees should be DENIED.

### Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due no later than **August 18, 2008**.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the objections are filed.  Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 1st day of August, 2008.

JOHN V. ACOSTA
United States Magistrate Judge